UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROXANNE HARRIS and
JOSH BOGGESS,[1]

      Plaintiffs,

                                        Case No. 25-cv-11730

v.                                  Honorable Linda V. Parker

VIKKI BAYEH HALEY,
CARRIE HANIBLE, JOHN RYAN,
LINDA SPEARLING, JOHN PILON,
JOHN TORRAS, LARRY GREEN, and
TOWNSHIP OF MT. MORRIS,

      Defendants.
_____/

**OPINION AND ORDER (1) GRANTING PLAINTIFFS' APPLICATION TO PROCEED IN FORMA PAUPERIS; (2) REQUIRING PLAINTIFFS TO FILE A SECOND AMENDED COMPLAINT; AND (3) DENYING WITHOUT PREJUDICE PLAINTIFFS' EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER**

On June 10, 2025, Plaintiffs Roxanne Harris and Josh Boggess (collectively "Plaintiffs") filed this pro se action under 42 U.S.C. §§ 1983 and 1985(3) (ECF No. 1) and an application to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915 (ECF No. 2).  The Court is granting their IFP application.  Plaintiffs named the following as Defendants in their Complaint: Michigan District Court

---

[1] Josh Boggess' name is currently misspelled on the docket.  The Clerk of the Court is instructed to correct the misspelling.

Judges Vikki Bayeh Haley and Khary Hanible; Mt. Morris Township Attorney

John Ryan, Township Assessor Linda Spearling, Code Enforcement Officers John

Pilon and John Torras, Township Supervisor Larry Green, and Mount Mt. Morris

Township.

In the Complaint, Plaintiffs alleged that Defendants violated their

constitutional rights when Plaintiffs' property was reclassified from commercial to

partially residential and code citations were issued and enforced in court.  (ECF

No. 1.)  Plaintiffs claimed that the township and several local government officials

have undertaken "a coordinated scheme to deprive Plaintiffs of their property

without just compensation."  (*Id*. at PageID.1. ¶ 1.)  Specifically, they asserted the

following claims under 42 U.S.C. § 1983[2]: (I) First Amendment Retaliation; (II) a

Fourteenth Amendment Due Process violation against Judge Haley; (III) a

Fourteenth Amendment Equal Protection violation; (IV) a Fourth Amendment

violation against Officer Pilon and Officer Torres; (V) an Eighth Amendment

violation; (VI) a Fifth Amendment violation; and (VII) Ninth and Tenth

Amendment violations against Mt. Morris.  (*See generally id.*)  Plaintiffs also

assert a civil rights conspiracy claim under 42 U.S.C § 1985(3) against Judge

Haley and Township Attorney Ryan (Count VIII).  (*Id*.)

---

[2] Plaintiffs name a specific Defendant or Defendants in a few of their claims, but
they fail to indicate whether the remaining claims are brought against all
Defendants.

The Court was in the process of screening Plaintiffs' Complaint pursuant to 28 U.S.C. § 1915(e)(2),[3] as some of their claims are subject to summary dismissal (Counts VII), certain Defendants are entitled to immunity (Judges Haley and Hanible and Township Attorney Ryan), and Plaintiffs fail to allege facts against some Defendants to establish their personal involvement or Mt. Morris Township's municipal liability.  However, before the Court could issue its decision, Plaintiffs filed an Amended Complaint on July 28, 2025.  (ECF No. 7.)  The amended pleading relates to a completely different event—that being, fire department and/or law enforcement officers' attempted interference with a bonfire on Plaintiffs' property on July 26, 2025, which Plaintiffs assert "is part of a broader pattern of retaliatory enforcement, misuse of emergency response, and targeted harassment . . . due to . . . pending legal actions and property disputes with Mount Morris Township officials.  (*Id*. at PageID.174-75, 197-98.)  It fails to allege any conduct by the individuals named in their initial or amended pleading or facts to establish Mt. Morris Township's municipal liability for the alleged misconduct of its officials or employees.

---

[3] When a complaint is filed IFP, the district court must conduct a summary review pursuant to § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d at 604-05 (6th Cir. 1997).  Upon review, the court must dismiss the action if it determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

"An amended complaint supersedes an earlier complaint for all purposes."

*Calhoun v. Bergh*, 769 F.3d 409, 410 (6th Cir. 2014) (quoting *In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013)).  Therefore, as it currently stands, Plaintiffs present a claim arising from the July 26 incident, only.  Because Plaintiffs fail to allege facts establishing the personal involvement of any of the named Defendants in that incident or how Mt. Morris Township is liable for that misconduct, the Amended Complaint is subject to summary dismissal unless further amendment cures those defects.  *See Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) (citations omitted) (explaining that "[p]ersons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior" and that a municipality's liability under § 1983 "cannot be premised solely on a theory of respondeat superior, or the right to control employees").

The Court is, therefore, requiring Plaintiffs to file a Second Amended Complaint.  To the extent Plaintiffs seek to include the misconduct and claims set forth in their initial Complaint, they must be included in the amended pleading.  The amendment must comply with Federal Rule of Civil Procedure 8(a).

Rule 8(a) requires that a complaint set forth a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand

4

for judgment for the relief sought.  *See* Fed. R. Civ. P. 8(a).  A complaint must contain sufficient factual matter, that when accepted as true, "'state[s] a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570 (2007)).  A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that each defendant is liable for the alleged misconduct.  *Id*. (citing *Twombly*, 550 U.S. at 556).  Generally, lumping the defendants together for the purposes of all allegations fails to give the individual defendants proper notice of what they have allegedly done wrong.

A complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . .."  *Twombly*, 550 U.S. at 555.  A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).  These requirements apply to a conspiracy claim, as well.  It is insufficient to simply allege that Defendants conspired with one another.  *See Heyne v. Metro. Nashville Pub. Schs.*, 655 F.3d 556, 563-64 (6th Cir. 2011).

Finally, because Plaintiffs currently do not plead sufficient facts to establish the liability of any Defendant, their emergency motion for a temporary restraining order is being denied without prejudice.  A party seeking an injunction must show

a strong or substantial likelihood of success on the merits of the claim(s) alleged in the party's complaint.  *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

Accordingly,

**IT IS ORDERED** that Plaintiffs' application to proceed IFP (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' emergency motion for a temporary restraining order (ECF No. 6) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that within **fourteen (14) days** of this Opinion and Order, Plaintiff shall file an amended complaint in compliance with Federal Rule of Civil Procedure Rule 8.[4]  The failure to file an amended pleading or the filing of an amended pleading which fails to state a claim against a defendant named therein may result in a dismissal of that defendant without further notice.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: July 29, 2025

---

[4] The Court advises Plaintiff that the District's website contains information useful to pro se parties:  http://www.mied.uscourts.gov/.  Among the resources available is the University of Detroit Mercy Law School Federal Pro Se Legal Assistance Clinic and the District's Pro Se Case Administrator.

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 29, 2025, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager