UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROXANNE HARRIS and JOSH BOGGESS

        Plaintiffs,

                                      Case No. 25-cv-11730
v.                             Honorable Linda V. Parker

VIKKI BAYEH HALEY, et al.

        Defendants.

_____/

## OPINION AND ORDER PARTIALLY DISMISSING PLAINTIFFS' SECOND AMENDED COMPLAINT

On June 10, 2025, Plaintiffs Roxanne Harris and Josh Boggess (collectively "Plaintiffs") filed this pro se action against Defendants under 42 U.S.C. §§ 1983 and 1985(3) (ECF No. 1) and an application to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915 (ECF No. 2).  Plaintiffs named the following as Defendants:  Michigan District Court Judges Vikki Bayeh Haley ("Judge Haley") and Khary Hanible ("Judge Hanible"); Mt. Morris Township Attorney John Ryan ("Township Attorney Ryan"), Township Assessor Linda Spearling ("Assessor Spearling"), Code Enforcement Officers John Pilon ("Officer Pilon") and John Torras ("Officer Torras"), Township Supervisor Larry Green ("Supervisor Green"), and Mount Mt. Morris Township ("Mt. Morris").  Plaintiffs then filed an Amended Complaint against the same Defendants on July 28, which related to a completely

different event than their initial pleading and failed to allege any conduct by the named defendants or facts to establish Mt. Morris Township's municipal liability for the alleged misconduct of its officials or employees.  (ECF No. 7.)

Therefore, on July 29, after granting Plaintiffs' application to proceed IFP, the Court directed them to file a second amended complaint to clarify the misconduct and claims being asserted.  (ECF No. 8.)  As the Court explained in the decision, "[a]n amended complaint supersedes an earlier complaint for all purposes."  *Calhoun v. Bergh*, 769 F.3d 409, 410 (6th Cir. 2014) (quoting *In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013)).  The Court further informed Plaintiffs that any amended pleading must comply with Federal Rule of Civil Procedure 8(a), including pleading facts that permit a court to reasonably infer that each defendant is liable for the alleged misconduct.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 556 (2007)).

Plaintiffs filed a Second Amended Complaint on July 30, 2025.  (ECF No. 13.)  In this now-operative pleading, Plaintiffs assert constitutional violations arising from the reclassification of their property from commercial to residential, retaliation by Mt. Morris Township officials after Plaintiffs raised legal challenges and complaints, and entries onto Plaintiffs' property and seizures of their property. Specifically, Plaintiffs claim the following constitutional violations:

2

(I)      First Amendment retaliation against all Defendants;

(II)     Fourth Amendment unlawful search and seizure by
         Officers Pilon and Torras, Supervisor Green, and
         unknown officers.

(III)   Fifth Amendment Taking against Mt. Morris.

(IV)    Fourteenth Amendment Due Process violation against all
        Defendants.

(V)     Equal Protection against all Defendants.

(VI)    Civil Conspiracy under 42 U.S.C. § 1985(3) against
        Judge Haley, Township Attorney Ryan, Supervisor
        Green, and unknown Genesee officials.

(VII)   A *Monell* claim against Mt. Morris; and

(VIII) Intentional Stalking, Harassment, and Pattern of Abuse.

(*Id.*)

## I.     Standard of Review

District courts are required by statute to dismiss an action filed IFP if the

complaint is frivolous, malicious, fails to state a claim upon which relief can be

granted, or seeks monetary relief from a defendant immune from such relief.  28

U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th

Cir. 2007).  "[A] complaint must contain sufficient factual matter, accepted as true,

to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678

(quoting *Twombly*, 550 U.S. at 570).  Pro se complaints are held to "less stringent

standards" than those drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520

3

(1972).  Nevertheless, for the reasons set forth below, the Court finds that

Plaintiffs' Second Amended Complaint must be partially dismissed pursuant to

§ 1915(e)(2).

## II.    Applicable Law & Analysis

To successfully bring a claim under § 1983, plaintiffs must allege that (1) an

individual's rights guaranteed by the constitution or federal statute were violated

and that (2) the violation was committed by an individual under the color of state

or territory law.  *Foy v. City of Berea*, 58 F3d 227 (6th Cir. 1995).  The Supreme

Court holds that municipalities can be held liable for constitutional violations

under § 1983 when such violations arise out of official policies, not individual

tortfeasors under a respondeat superior theory.  *See generally Monell v. Dep't of*

*Soc. Servs.*, 436 U.S. 658 (1978).

### A.    Judges Haley and Hanible

"It is well-established that judges enjoy judicial immunity from suits arising

out of the performance of their judicial functions."  *Brookings v. Clunk*, 389 F.3d

614, 617 (6th Cir. 2004) (citing *Pierson v. Ray*, 386 U.S. 547, 553-54 (1968);

*Mann v. Conlin*, 22 F.3d 100, 103 (6th Cir. 1994)).  This immunity extends to suits

against state court judges under § 1983.  *Id*. (citing *Briscoe v. LaHue*, 460 U.S.

325, 334 (1983); *Pierson*, 386 U.S. at 554-55).  It also extends "to acts performed

maliciously and corruptly as well as acts performed in bad faith or with malice[.]"

*Id*. (citing *Pierson*, 386 U.S. at 554; *Mireles v. Waco*, 502 U.S. 9, 11 (1991)).

There are only two limited instances where judicial immunity does not apply: "the

judge's activities were 'non-judicial' in nature or . . . performed without any

jurisdiction to do so."  *Id*. (citing *Pierson*, 386 U.S. at 554; *Mireles*, 502 U.S. at 11;

*Stump v. Sparkman*, 435 U.S. 349, 362-63 (1978)).

Plaintiffs' Second Amended Complaint fails to set forth any facts to support

their claims against Judges Haley and Hanible.  Assuming that Plaintiffs' claims

against them are based on the facts set forth in their initial Complaint, the actions

described fall under the scope and jurisdiction of their judicial roles – such as

making statements during court proceedings and discussing legal cases with

counsel before such proceedings.  (*See generally* ECF No. 1.)  Even if those

actions are deemed incorrect or inappropriate, judicial immunity still applies

"however erroneous the act may have been or however injurious in its

consequences it may have proved to the plaintiff."  *Bradley v. Fisher*, 80 U.S. 355,

347 (1871).  Therefore, these actions do not fall within the exceptions to judicial

immunity previously outlined.

Plaintiffs' claims against Defendants Judge Haley and Judge Hanible are

therefore being summarily dismissed.

**B.      Township Attorney Ryan**

Similar to judicial immunity, prosecutors enjoy absolute immunity from

§ 1983 liability for damages when [the prosecutor] acts within the scope of his [or

her] prosecutorial duties." *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976).  A

prosecutor is absolutely immune for "acts undertaken . . . in preparing for the

initiation of judicial proceedings or for trial, and which occur in the course of [the

prosecutor's] role as an advocate for the State." *Buckley v. Fitzsimmons*, 509 U.S.

259, 273 (1993); *see also Cooper v. Parrish*, 203 F.3d 937, 946-47 (6th Cir. 2000).

Prosecutorial immunity extends to "actions preliminary to the initiation of a

prosecution and actions apart from the courtroom[.]" *Buckley*, 509 U.S. at 272

(quoting *Imbler*, 424 U.S. at 431, n.33).  In determining whether actions fall under

the prosecutorial role, the Sixth Circuit follows the "functional approach" outlined

by the Supreme Court, wherein "[t]he critical inquiry is how closely related . . . the

prosecutor's challenged activity [is] to his role as an advocate." *Howell v. Sanders*,

668 F.3d 344, 349-351 (6th Cir. 2012) (internal quotation marks omitted).

Nevertheless, prosecutorial immunity is not absolute.  *Id*. at 273.

Prosecutorial immunity does not extend to situations where "a prosecutor

'functions as an administrator rather than as an officer of the court[.]'"  *Id*. (quoting

*Imbler*, 424 U.S. at 431 n.22).  For example, a prosecutor is not immune when

"perform[ing] the investigative functions normally performed by a detective or

6

police officer[.]"  *Id*. (quoting *Hampton v. Chicago*, 484 F.2d 602, 608 (7th Cir.

1973)); *see also Cooper*, 203 F.3d at 947.

Like Judges Haley and Hanible, Plaintiffs allege no facts in their Second

Amended Complaint reflecting Township Attorney Ryan's role(s) in the alleged

misconduct.  The only conduct alleged with respect to this defendant in their initial

Complaint, relate to Township Attorney Ryan's prosecutorial role.  More

specifically, Township Attorney Ryan's alleged misconduct relates to alleged ex

parte communications with Judge Haley prior to court proceedings discussing

Plaintiffs' case.  The alleged misconduct falls within his role as a prosecutor.  *See,*

*e.g., Brown v. Ohio*, No. 1:25-cv-176, 2025 WL 1982747, at *7 (S.D. Ohio July 17,

2025); *Miller v. Apple, Inc.*, No. 25-cv-1172, 2025 WL 1852964, at *4 (S.D.N.Y.

Apr. 7, 2025) (citing *Barrett v. United States*, 622 F. Supp. 574, 588-89 (S.D.N.Y.

1985)); *Bailey v. Nevada*, No. 2:16-cv-02515, 2017 WL 3814669, at *3 (D. Nev.

Aug. 30, 2017); *Stein v. Disciplinary Bd. of Supreme Ct. of N.M.*, No. CIV 04-

0840, 2006 WL 8444215, at *15 (D.N.M. May 31, 2006).  As such, he is subject to

prosecutorial immunity.

For these reasons, Plaintiffs' claims against Township Attorney Ryan are

summarily dismissed.

### C.    § 1985 Claim

Finally, even when considering Plaintiffs' multiple pleadings, they fail to

allege sufficient facts to plausibly allege a conspiracy to support their claims under

§ 1985(3) claim.  To state a claim for conspiracy to violate civil rights under

§ 1985(3), a plaintiff must prove (1) a conspiracy involving two or more persons

(2) for the purpose of depriving, directly or indirectly, a person or class of persons

of the equal protection of the laws, and (3) an act in furtherance of the conspiracy,

(4) which causes injury to a person or property, or a deprivation of any rights or

privileges of a citizen of the United States.  *Johnson v. Hills & Dales Gen. Hosp.*,

40 F.3d 837, 839 (6th Cir. 1994); *see also Moniz v. Cox*, 512 F. App'x 495 (6th Cir.

2013).  Furthermore, the plaintiff must allege the conspiracy was motivated by

racial or other class-based invidiously discriminatory animus.  *Johnson*, 40 F.3d

at 839.

It is "well-settled that conspiracy claims must be pled with some degree of

specificity and that vague and conclusory allegations unsupported by material facts

will not be sufficient to state such a claim . . .." *Fieger v. Cox*, 524 F.3d 770, 776

(6th Cir. 2008) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)).

"[T]here must be some showing of facts to support the conspiracy."  *O'Hara v.

Mattix*, 255 F. Supp. 540, 542 (W.D. Mich 1966).  Plaintiffs do not allege any facts

or details to plausibly show an agreement between Judge Haley, Township

Attorney Ryan, Supervisor Green, and other Genesee officials.

Thus, the Court is dismissing Count VI of Plaintiffs' Second Amended

Complaint.

## IV.     Conclusion

In summary, the Court **SUMMARILY DISMISSES** Plaintiffs' claims

against Judges Haley and Hanible and Township Attorney Ryan on immunity

grounds pursuant to 28 U.S.C. § 1915(e)(2).  Judges Haley and Hanible and

Township Attorney Ryan are **TERMINATED** as parties to this action.  The Court

also **SUMMARILY DISMISSES** Count VI of Plaintiffs' Second Amended

Complaint for failure to state a claim upon which relief may be granted.  The

Second Amended Complaint, along with a copy of this opinion and order, shall be

served on the remaining Defendants upon receipt of the properly completed service

documents.

**SO ORDERED**.

s/ Linda V. Parker
LINDA  V. PARKER
U.S. DISTRICT JUDGE

Dated: August 6, 2025