UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROXANNE HARRIS and
JOSH BOGGESS,

       Plaintiff,

                                  Case No. 25-cv-11730

v.                               Honorable Linda V. Parker

LINDA SPEARLING, JOHN PILON,
JOHN TORRAS, LARRY GREEN,
AND TOWNSHIP OF MT. MORRIS,

       Defendant.

_____/

## OPINION AND ORDER (1) REJECTING OBJECTIONS TO MAGISTRATE JUDGE'S DECEMBER 11, 2025, REPORT AND RECOMMENDATION AND (2) ADOPTING REPORT AND RECOMMENDATION [ECF NO. 45]

On June 10, 2025, Roxanne Harris and Josh Boggess (collectively "Plaintiffs") commenced this pro se lawsuit against the above-captioned Defendants. (ECF No. 1.) Plaintiffs are suing Defendants for alleged violations of the Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments arising out of the reclassification of their commercial property to residential. (ECF No. 1 at PageID.6-7; ECF No. 13 at PageID.297-99.) On July 30, 2025, Plaintiffs filed five motions with the Court, including a motion for a preliminary injunction (ECF No. 14); and two motions for sanctions. (ECF No. 16 & 18.)

1

The matter has been referred to Magistrate Judge Kimberly G. Altman for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 24.) On December 11, 2025, Magistrate Judge Altman issued a Report and Recommendation ("R&R") recommending that Plaintiffs' motions for sanctions and motion for a preliminary injunction be denied. (ECF No. 45 at PageID.507.)

In regard to the Plaintiffs' motion for a preliminary injunction, Magistrate Judge Altman notes that the Plaintiffs failed to demonstrate why a preliminary injunction was necessary. (ECF No. 45 at PageID.499-500.) Instead, the Plaintiffs offer two conclusory sentences stating that they "have demonstrated a strong likelihood of success on the merits" and that Defendants' actions are indeed constitutional violations. (ECF No. 14 at PageID.307.) Accordingly, Judge Altman recommended that the Court deny the motion because the Plaintiffs simply summarized their allegations without adding any factual or legal support. (ECF No. 45 at PageID.500.)

Regarding the Plaintiffs' motions for sanctions, Judge Altman noted that (1) the actions alleged by the Plaintiffs did not occur during the course of litigation; (2) Defendants have not violated any court order; and (3) Plaintiffs failed to connect the alleged actions to any provision under Rule 11 that would trigger the

2

Court's authority to issue sanctions. (ECF No. 45 at PageID.505-06.)

Consequently, Judge Altman recommended that the Court deny the motions. (ECF

No. 16 & 18.)

At the conclusion of the R&R, Magistrate Judge Altman informs the parties

that they must file any objections to the R&R within fourteen days. Plaintiffs filed

objections on December 22, 2025. (ECF No. 49.)  Defendants filed a response to

the Plaintiffs' objections on December 29, 2025. (ECF No. 50.)

### Standard of Review

When objections are filed to a magistrate judge's report and

recommendation on a dispositive matter, the Court "make[s] a *de novo*

determination of those portions of the report or specified proposed findings or

recommendations to which objection is made."[1] 28 U.S.C. § 636(b)(1). The Court,

however, "is not required to articulate all of the reasons it rejects a party's

objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001)

(citations omitted).  A party's failure to file objections to certain conclusions of the

report and recommendation waives any further right to appeal on those issues. *See*

*Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).

---

[1] Motions for sanctions and motions for preliminary injunctions are both considered dispositive in the Sixth Circuit. *See Cook v. St. John Hosp. & Med. Ctr.*, 2010 WL 4137524, at *1 n.1 (E.D. Mich. Aug. 3, 2010), *report and recommendation adopted*, 2010 WL 4341192 (E.D. Mich. Oct. 27, 2010); *Annabel v. Erichsen*, No. 15-10345, 2018 WL 4854098, at *1 (E.D. Mich. June 1, 2018), *report and recommendation adopted*, 2018 WL 3751445 (E.D. Mich. Aug. 8, 2018).

Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

### Analysis

Plaintiffs list five objections in their filing. The first four objections take issue with Magistrate Judge Altman's recommendation to deny Plaintiffs' motion for a preliminary injunction. (ECF No. 49 at PageID.636-640.) The Court finds that Plaintiffs' first four objections to Judge Altman's report and recommendation are without merit and lean more towards a disagreement with Judge Altman's conclusion rather than a proper objection. Judge Altman properly balanced all four factors and reached a defendable conclusion.[2] Judge Altman also did not hold the Plaintiffs to a "heightened and legally incorrect standard" as suggested. (*Id.* at 637.) Plaintiffs failed to present sufficient legal argument to support their motion. The Court acknowledges that Plaintiffs are litigating this matter pro se and that courts must construe pro se filings under "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even under this relaxed standard, Plaintiffs have not carried their burden of

---

[2] When considering a motion for a preliminary injunction, Sixth Circuit courts consider four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction. *Rock & Roll Hall of Fame & Museum, Inc. v. Gentile Prods.*, 134 F.3d 749 (6th Cir. 1998).

demonstrating why a preliminary injunction is warranted. Despite this deficiency, Judge Altman proceeded to evaluate the remaining three factors and concluded that the facts weighed against granting a preliminary injunction. Upon review, the Court agrees with Judge Altman's conclusion and denies Plaintiffs' motion.

Plaintiffs' final objection—Objection Five—addresses Judge Altman's recommendation to deny their two motions for sanctions. (ECF No. 49 at PageID.640-41.) Objection Five, in substance, is not an objection at all; Plaintiffs expressly state that they do not object to Judge Altman's conclusion that sanctions are not currently justified. Instead, they request that the Court deny their motions for sanctions without prejudice. (*Id.* at 641.) Judge Altman did not specify in the R&R whether Plaintiffs' motions should be denied with or without prejudice. (ECF No. 45 at PageID.506-507.) Accordingly, if the Court adopts Judge Altman's recommendation, the Plaintiffs request that the denial be clarified as without prejudice.

The Court finds that the motions should be denied without prejudice. As Judge Altman acknowledged, the motions are premature, and Plaintiffs have not alleged sufficient facts to support a motion for sanctions. *Id.* In addition, there is also no indication that Plaintiffs complied with Rule 11's safe-harbor provision before filing their motions. Therefore, the Court clarifies that Plaintiffs' motions

for sanctions are denied without prejudice. If legitimate circumstances arise that warrant sanctions, Plaintiffs may refile.

**IT IS ORDERED** that the Plaintiffs' (1) motion for a preliminary injunction (ECF No. 14) and (2) motions for sanctions (ECF Nos. 16 & 18) are **DENIED WITHOUT PREJUDICE.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: March 10, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 10, 2026, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager
