UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROXANNE HARRIS, et al.,

Plaintiffs,

Case Number 25-cv-11730
Honorable Linda V. Parker

v.

VIKKI BAYEH HALEY, et al.,

Defendants.
_______________________________/

**OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION (ECF NO. 56) AND MOTION FOR RELIEF FROM JUDGMENT (ECF NO. 59)**

On June 10, 2025, Roxanne Harris and Josh Boggess (collectively, "Plaintiffs") commenced this pro se lawsuit alleging violations of their rights under the Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments arising from the reclassification of their commercial property to residential. (ECF No. 1 at PageID.6-7; ECF No. 13 at PageID.297-99.) On July 30, 2025, Plaintiffs filed several motions, including (1) a motion for a preliminary injunction (ECF No. 14); (2) a motion for the return of seized property (ECF No. 15); and two motions for sanctions (ECF Nos. 16, 18).

The matter was referred to Magistrate Judge Kimberly G. Altman for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation

("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 30.) On December 11, 2025, Magistrate Judge Altman issued an R&R recommending that the Court deny Plaintiffs' motion for a preliminary injunction and motions for sanctions. (ECF No. 45.) Plaintiffs filed objections to the R&R. (ECF No. 49.) Defendants submitted a response to Plaintiffs' objections. (ECF No. 50.)

On January 15, 2026, Magistrate Judge Altman issued a second R&R recommending that the Court deny Plaintiffs' motion for the return of seized property. (ECF No. 52.) At the conclusion of the R&R, Magistrate Judge Altman advised the parties that they may object to and seek review of the R&R within fourteen days of service upon them. (ECF No. 52, PageID.661.) She also explicitly advised that a failure to file specific objections constitutes a waiver of any further right to appeal. *Id.* Neither party filed objections to the R&R.

On March 10, 2026, the Court issued an opinion and order adopting Judge Altman's December R&R after evaluating and ultimately rejecting Plaintiffs' objections. (ECF No. 54.) That same day, in a separate opinion, the Court adopted Magistrate Judge Altman's January R&R and denied Plaintiffs' motion for the return of seized property. (ECF No. 55.) The Court also acknowledged in that opinion that the Plaintiffs failed to file any objections to the R&R. (*Id.* at PageID.680.)

However, on April 2, 2026, Plaintiffs filed a motion for reconsideration[1] in response to the Court's second opinion and order denying its motion for the return of seized property. (ECF No. 56.) The following day, Plaintiffs filed a motion for relief from judgment under Federal Rule of Civil Procedure Rule 60(b). (ECF No. 59.) The motions are fully briefed. (ECF Nos. 60, 61.)

For the reasons that follow, the Court **DENIES** Plaintiffs' motions.

**Applicable Standards**

Local Rule 7.1(h) provides that a motion for reconsideration should only be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such a palpable defect. E.D. Mich. LR 7.1(h)(3). Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002). "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010).

Motions to alter or amend judgment pursuant to Rule 59(e) may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "Rule 59(e) permits a court

[1] The document is titled "Motion to Amend/Correct 55 Memorandum Opinion and Order." (ECF No. 56.)

to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5, 128 S. Ct. 2605, 2617 n.5 (2008) (citing 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995)). As several judges in this District have stated,

> "[Rule 59(e)] motions . . . are not intended as a vehicle to relitigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented."

*Kenneth Henes Special Projects Procurement v. Cont'l Biomass Indus., Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000) (quoting *Nagle Indus., Inc. v. Ford Motor Co.*, 175 F.R.D. 251, 254 (E.D. Mich.1997), *aff'd* 194 F.3d 1339 (Fed. Cir. 1999)). "A motion to alter or reconsider a judgment is an extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial resources." *In re J & M Salupo Dev. Co.*, 388 B.R. 795, 805 (B.A.P. 6th Cir. 2008) (quoting *Am. Textile Mfrs. Inst., Inc. v. Ltd. Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998)).

Rule 60(b)(1) allows a court to grant relief from a final judgment due to "[a] mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Rule 60(b)(4) allows a court to grant relief if the judgment is void. Fed. R. Civ. P. 60(b)(4). Finally, Rule 60(b)(6) permits a court to grant relief for "any other

reason that justifies" it; however, the rule applies only in "exceptional and extraordinary circumstances not addressed by the first five subsections of Rule 60(b)." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 387 (6th Cir. 2001). The exceptional circumstances require "unusual and extreme situations where principles of equity mandate relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990).

**Analysis**

Plaintiffs fail to present any viable arguments that would support granting the requested relief. As a threshold matter, Plaintiffs failed to submit objections to the R&R at issue, despite being explicitly instructed to do so within fourteen days. They were also explicitly advised that failing to file objections would waive any further right to appeal. Plaintiffs now attempt to use their motion for reconsideration as a substitute for timely objections. Three of the four "arguments" raised in the motion critique Magistrate Judge Altman's analysis in the R&R, while the fourth asserts that declining to amend the Court's opinion and order would result in manifest injustice. These arguments could have been raised prior to the Court's opinion and order, but they were not. The Court will not allow Plaintiffs to file untimely objections under the guise of a motion for reconsideration.

Plaintiffs argue in their motion for relief from judgment that their failure to file objections was a reasonable mistake that constitutes excusable neglect. They contend that they understood the R&R to "address the procedural posture of an emergency motion[2] for return of property rather than as a recommendation requiring specific written objections within fourteen days." (ECF No. 59.) The Court is not persuaded. The R&R states— in bold, all-caps typeface— "**NOTICE TO PARTIES REGARDING OBJECTIONS**". The two sentences that immediately follow explain, "The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d)." (ECF No.52, PageID.662.) The Court is not convinced that Plaintiffs misunderstood this language. In fact, they followed this exact procedure after receiving the same instructions in Judge Altman's first R&R on December 11, 2025. (*See* ECF Nos. 45, 49.)

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion for reconsideration (ECF No. 56) is **DENIED.**

---

[2] Notably, Plaintiffs' motion for return of property was never docketed as an emergency motion, and Plaintiffs never used the term in their brief. (*See* ECF No. 15.)

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Relief from Judgment (ECF No. 59) is **DENIED.**

**SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 27, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 27, 2026, by electronic and/or U.S. First Class mail.

s/R. Thieme
Case Manager