UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROXANNE HARRIS, et al.,

Plaintiffs,

Case Number 25-cv-11730
Honorable Linda V. Parker

v.

LINDA SPEARLING, JOHN PILON,
JOHN TORRAS, LARRY GREEN,
and TOWNSHIP OF MT. MORRIS,

Defendants.
_______________________________/

**OPINION AND ORDER ADOPTING THE REPORT AND RECOMMENDATION GRANTING DEFENDANTS' MOTION TO DISMISS (ECF No. 62) AND REJECTING PLAINTIFFS' OBJECTIONS (ECF No. 65)**

## I. BACKGROUND

On June 10, 2025, Roxanne Harris and Josh Boggess (collectively, "Plaintiffs") filed this pro se lawsuit. (ECF No. 1.) Thereafter, this Court required Plaintiffs to file a Second Amended Complaint ("SAC") to cure defects in their pleading and avoid summary dismissal. (ECF No. 8 at PageID.284.) Plaintiffs filed a SAC on July 30, 2025 (ECF No. 13), asserting constitutional violations arising from the reclassification of their property from commercial to residential, retaliation by Mt. Morris Township officials after Plaintiffs raised legal challenges and complaints, and unlawful entries onto and seizures of Plaintiffs' property. On

August 6, 2025, this Court dismissed Plaintiffs' claims against Judge Vikki Bayeh Haley and Judge Khary Hanible on immunity grounds pursuant to 28 U.S.C. § 1915(e)(2) and dismissed Count VI of the SAC — Civil Conspiracy under 42 U.S.C. § 1985(3), against Judge Vikki Bayeh Haley, Township Attorney John Ryan, Township Supervisor Township Larry Green, and unknown Genesee officials — for failure to state a claim upon which relief can be granted. (ECF No. 21.) The remaining Defendants in this case are Mount Morris Township ("the Township"), Township Assessor Linda Spearling, Code Enforcement Agents John Pilon and John Torras, and Township Supervisor Larry Green (collectively, "Defendants").

The matter has been referred to Magistrate Judge Kimberly G. Altman for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 30.) Defendants filed a motion to dismiss Plaintiffs' SAC arguing that Plaintiffs' claims were barred by res judicata and that Plaintiffs failed to state a claim upon which relief may be granted. (ECF No. 36.) Magistrate Judge Altman issued a Report and Recommendation ("R&R") recommending the Court grant the Defendants' motion. (*See* ECF No. 62 at PageID.745.) Plaintiffs filed objections to the R&R. (ECF No. 65.) Defendants responded to those objections. (ECF No. 66.)

Additional factual and procedural background set forth throughout the R&R is fully adopted as though set forth in this Opinion and Order. For the reasons that follow, the Court adopts the R&R and rejects Plaintiffs' objections.

## II. LEGAL STANDARD

When objections are filed to a Magistrate Judge's report and recommendation on a dispositive matter, the court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the Magistrate Judge's report releases the court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## III. ANALYSIS

Defendants filed a motion to dismiss Plaintiffs' SAC arguing: (1) Plaintiffs' claims were barred by res judicata from two closed cases arising from Michigan state court and (2) Plaintiffs failed to state a claim upon which relief may be

granted. (ECF No. 36.) Magistrate Judge Altman recommends this Court grant Defendants' Motion to Dismiss.

First, Magistrate Judge Altman found Defendants' res judicata argument was correct only as to the claims related to the reclassification of Plaintiffs' property that was or could have been resolved in the state court cases. (ECF No. 62 at PageID.740-41.) However, because Plaintiffs' main allegations relate to new incidents that occurred after the state court dismissals, they fall outside the scope of res judicata.

Second, as for Defendants' argument that Plaintiffs failed to state a claim for relief, Magistrate Judge Altman concluded that (1) Plaintiffs' allegations against the Township officials in general are insufficient to state a constitutional claim against the individual Defendants; (2) Plaintiffs' complaint was too vague to identify a plausible claim of stalking, harassment, or abuse against any of the Defendants; and (3) Plaintiffs failed to establish that the Township could be liable for their alleged injuries under a municipal-liability theory of inaction. (*Id.* at PageID.742-44.) Plaintiffs filed four objections in response to the R&R. (ECF No. 65.) The Court carefully reviewed the objections and rejects each of them.

**Objection No 1.**

Plaintiffs begin their objections arguing that the R&R erroneously applies res judicata to the "July 2025 seizure." (*See* ECF No. 65 at PageID.758-60.)

However, a careful reading of Magistrate Judge Altman's R&R would reveal the opposite conclusion. Specifically, Magistrate Judge Altman found that the alleged incidents on July 26, 2025, and July 29, 2025, where Township officials purportedly dispatched fire and police personnel to Plaintiffs' property in response to a bonfire and then forcibly entered and removed personal property, were new events that occurred after the state court cases were dismissed. (ECF No. 62 at PageID.740-41.) Magistrate Judge Altman correctly concluded that Plaintiffs could not have asserted claims based on these two incidents in state court because they had yet occurred. *Id.* Additionally, Magistrate Judge Altman was unclear about which claims Plaintiffs assert against each individual Defendant, which made it difficult for her to distinguish claims barred by res judicata. (*Id.* at PageID.741.) This objection is **REJECTED.**

**Objection No 2.**

Plaintiffs' second objection is that Magistrate Judge Altman's conclusion that Plaintiffs failed to state a claim is contradicted by the record. (*See* ECF No. 65 at PageID.760-62.) This Court disagrees with Plaintiffs' assessment of the record. Magistrate Judge Altman recommended the remainder of the Plaintiffs' claims be dismissed for failure to state a claim. (ECF No. 62 at PageID.741.) Most of Plaintiffs' allegations in the pleadings were vaguely written.

Magistrate Judge Altman explained that as to Defendants Spearling, Green Pilon, and Torras, the Plaintiffs failed to tie each Defendant with conduct they believed violated their constitutional rights and failed to allege the specific conduct underlying their claims. (*Id.* at PageID.742.) Elaborating further, Magistrate Judge Altman noted that the Plaintiffs did not attempt to clarify or provide a legal basis for their claim of "intentional stalking, harassment, and pattern of abuse" in their SAC or response brief; Plaintiffs also neglected to articulate conduct to support the claim. (*Id.* at PageID.743.)

In objecting to the R&R, Plaintiffs detail the conduct of some of the individual Defendants. Specifically, Plaintiffs assert: (1) video evidence depicts Defendant Torras "breaking into and entering a vehicle" on Plaintiffs' property on July 29, 2025; (2) Defendant Pilon issued a civil infraction citation and related enforcement correspondence regarding Plaintiffs' property; (3) Defendant Green stated on a telephone call, three days before the seizure, that "he did not care that Plaintiffs had complied" after being informed that Plaintiffs "already vacated and complied"; and Mt. Morris Township Police Chief Michael Veach was "present at the scene" and observed and permitted the seizure "although no order authorized entry" onto the Plaintiffs' property. (*See* ECF No. 65 at PageID.760-62.) Plaintiffs still neglected to attribute conduct to Defendant Spearling that would violate their constitutional rights or support their claim of "intentional stalking,

harassment, and pattern of abuse" claim. Also, Police Chief Michael Veach is not a named Defendant.

All in all, Plaintiffs failed to provide this information in their pleadings or response brief. Therefore, Magistrate Judge Altman did not err in recommending all asserted claims against the individual Defendants be dismissed for failure to state a claim. (*Id*.) Plaintiffs' second objection is **REJECTED.**

**Objection No 3.**

Plaintiffs argue in their third objection that municipal liability can be established. (*See* ECF No. 65 at PageID.762-63.) As to the remaining Defendants, the "Township," Magistrate Judge Altman determined that Plaintiffs failed to establish municipal liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). The Sixth Circuit has observed that to bring a § 1983 claim against a municipality, the claimant must identify the "policy or custom" that caused their injury. *See Ford v. County of Grand Traverse*, 535 F.3d 483, 495-96 (6th Cir. 2008). "Policies" are promulgated by officials with policy making authority for the municipality, and "customs" can be established by an acquiescence of an established practice. *See Id.* at 496.

Magistrate Judge Altman outlined the four ways our Sixth Circuit identifies a Plaintiff can prove a municipality's usage, custom, or policy is linked to the alleged constitutional violation, including: (1) the municipality's legislative

enactments or official agency policies; (2) actions by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations. *See Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). Plaintiffs failed to articulate a plausible link between the Township and conduct stemming from any of the four identified ways.

In their objection, Plaintiffs do not point to a policy that was disturbed by the Township. (*See* ECF No. 65 at PageID.762-63.) Instead, they argue that Defendant Larry Green, the Township Supervisor, had authorization over the *direction of the July 2025 seizure* and that constituted action by an official with authority over the relevant enforcement action, "and thus represents Township policy." (*Id.* at PageID.763.) Plaintiffs also allege, in the alternative, that the Township maintained a custom "evidenced by the sustained pattern of retaliatory enforcement, the seizure, the repeated exclusion of Plaintiffs from public meetings, and the denial of access to Plaintiffs' own public records at Township Hall." (*Id.*)

Unfortunately, Plaintiffs failed to establish a concrete violation of an official policy or a custom that has been an established practice by the Township that would equally carry the force of the law even though it is not written. *See Board of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 404 (1997) ("[A]n act performed pursuant to a 'custom' that has not been formally approved by an

appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law.”). Therefore, there was no error in Magistrate Judge Altman’s conclusion that Plaintiffs failed to assert a plausible theory of municipal liability against the Township. This objection is **REJECTED.**

**Objection No. 4.**

Plaintiffs argue that this Court should provide leave to amend should any claim be deemed as insufficiently pleaded.[1] (*See* ECF No. 65 at PageID.763-64.) Liberally construing Plaintiffs’ claims, Magistrate Judge Altman finds that Plaintiffs failed to state a plausible claim against all Defendants. This Court recognizes dismissing the claim against the Township and the individually named Defendants would dismiss the case.

Plaintiffs argue that since they are pro se litigants, their filings are “entitled to liberal construction and are held to less stringent standards than pleadings drafted by counsel.” (ECF No. 65 at PageID.758.) This Court agrees with this premise. However, the presumption of truthfulness and the liberal construction afforded to pro se pleadings are not applicable to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009); *Adelson v. Ocwen Fin. Corp.*, No. 17-19117,

[1] Plaintiffs state that “proper amendment would also name Chief Michael Veach for his role in the seizure.” (ECF No. 65 at PageID.764.)

2018 WL 7226966, at *2 (6th Cir. Aug. 20, 2018) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)) ("[P]ro se litigants are not exempt from [the] requirements of the Federal Rules of Civil Procedure."). Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing Twombly, 550 U.S. at 555).

Plaintiffs cite *Foman v. Davis*, 371 U.S. 178 (1962) to support their argument that leave to amend should be freely given. *Foman* also states, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, *repeated failure to cure deficiencies by amendments previously allowed* . . . —the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962) (emphasis added). As stated at the beginning of this opinion, this Court has given Plaintiffs more than one opportunity to cure defects in their pleading; the Court even requested that Plaintiffs file a Second Amended Complaint after defects were found in their first and Amended Complaint. In an Order instructing Plaintiffs to file a SAC, this Court stated that Plaintiffs failed "to allege any conduct by the individuals named in their initial or amended pleading or facts to establish Mt. Morris Township's municipal liability for the alleged misconduct of its officials or employees." (*See* ECF No. 8 at PageID.284.)

After filing a SAC, Plaintiffs filed a Third Amended Complaint on August 4, 2025. This Court struck the Third Amended Complaint since Plaintiffs failed to ask for the opposing party's written consent or the Court's leave per Federal Rule of Civil Procedure 15(a)(2). (*See* ECF No. 23 at PageID.339.) On September 24, 2026, Plaintiffs filed a motion for leave to supplement their complaint. (ECF No. 27). Plaintiffs alleged the same events that were exactly the subject of their SAC. Magistrate Judge Altman denied this motion because Plaintiffs did not add any transactions or events that arose after their SAC; it was unclear what new facts Plaintiffs were trying to use to supplement their claims. (ECF No. 53 at PageID.668-70.)

Plaintiffs have had several opportunities to show this Court, through their amended pleadings, that they could plausibly state a claim for relief against any of the Defendants, and each time they have come short. Therefore, the request for leave to amend couched in the objection is **REJECTED.**

## IV. CONCLUSION

After careful review of the Magistrate Judge's R&R, Plaintiffs' objections, and Defendants' responses to Plaintiffs' objections, this Court **ADOPTS** the R&R (ECF No. 62), **REJECTS** Plaintiffs' objections (ECF No. 65), and **GRANTS** Defendants' motion to dismiss (ECF No. 36).

Accordingly, the case is **DISMISSED WITH PREJUDICE.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 21, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 21, 2026, by electronic and/or U.S. First Class mail.

s/R. Thieme
Case Manager